UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

**CIVIL ACTION NO. 13-78-DLB**

**CHRISTI GILBERT**                                                                                 **PLAINTIFF**

**VS.**               **<u>MEMORANDUM OPINION & ORDER</u>**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**                                                 **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This action for underinsurance coverage was removed from Carter County Circuit Court in June 2013. The Court thereafter ordered supplemental briefing as to the amount in controversy requirement of 28 U.S.C. § 1332(a). (Doc. # 7). That briefing having now been completed (Docs. # 8, 9), the Court concludes that Defendant State Farm Mutual Automobile Insurance Company has failed to satisfy its burden with respect to this jurisdictional threshold. *See Mt. Clemens Auto Center, Inc. v. Hyundai Motor America*, 844 F. Supp. 2d 804, 808-09 (E.D. Mich. 2011) (recognizing that the amount in controversy requirement must be shown by a preponderance of evidence). As a result, this case will be remanded to its originating state trial court.

**I.**     **BACKGROUND**

Plaintiff Christi Gilbert commenced this action on October 24, 2012 against Defendant State Farm Mutual Automobile Insurance Company in Carter County Circuit Court. (Doc. # 1-2). In that Complaint, Plaintiff alleged that she is covered as an insured

1

via a policy with State Farm, and that she paid a premium for underinsurance coverage within that policy. (*Id.* at 2). She further alleged that she was involved in a motor vehicle collision caused by the negligence of Gina Hubbard, that she suffered severe bodily injuries as a result of the collision, and that she was offered the policy limits of Hubbard's liability insurance policy. (*Id.* at 1-2). However, because her claim for damages exceeds the liability coverage of that policy, Plaintiff asserted that she was entitled to the underinsurance coverage afforded her pursuant to her policy with State Farm and thus demanded judgment against the company for pain and suffering, medical expenses, lost wages, impairment of her ability to earn money, and increased risk of future mental and physical problems. (*Id.*). She did not, however, specify the amount of damages sought beyond noting that the figure exceeds the minimum necessary to invoke the state court's jurisdiction.[1]

On April 18, 2013, State Farm submitted to Plaintiff its Request for Admission, which asked her to "admit that the amount in controversy in the present action exceeds the sum of $75,000, exclusive of costs and interests." (Doc. # 1-4). Plaintiff responded as follows:

> Denied. While Plaintiff's total compensatory damages sustained as a result of the motor vehicle accident may exceed $75,000, this contract claim against her underinsurance carrier is limited to the coverage purchased of $25,000. Therefore, the amount in controversy is less than $75,000.

(Doc. # 1-5).

Along with the request, State Farm also propounded interrogatories, which included a directive that Plaintiff "state the specific amount of damages [she was] claiming for" past,

---

[1] Kentucky law prevents Plaintiff from pleading an unliquidated amount in controversy with any degree of specificity. Ky.R.Civ.P. 8.01.

2

present and future pain and suffering, lost wages, medical expenses, future medical expenses and permanent impairment of power to earn money. (Doc. # 6-1, at 3-4). She answered:

> (a) Past, present and future pain and suffering: A reasonable amount not to exceed $250,000
>
> (b) Lost wages: $1,656
>
> (c) Medical expenses: $26,572.14, but this amount will increase in that Plaintiff is still treating.
>
> (d) Future medical expenses: This amount is unknown at this time and will be determined by Plaintiff's treating physicians.
>
> (e) Permanent impairment of your power to earn money. Plaintiff has suffered damages, but a calculation on this amount has not yet been determined. Plaintiff will seasonably supplement this response.

> Plaintiff reserves the right to supplement the values. While Plaintiff believes she has sustained the aforementioned compensatory damages, her recoverable damages in this lawsuit are restricted to the limits of her underinsurance policy.

(Doc. # 6-2, at 11-12).

In light of Plaintiff's responses, State Farm removed this action pursuant to 28 U.S.C. § 1441(a), asserting that the Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a). (Doc. # 1). Specifically, State Farm contended that "Plaintiff has responded to a Request for Admission indicating she will seek an amount in excess of $75,000.00 and has answered discovery indicating a claim for pain and suffering 'not to exceed $250,000.00.'" (*Id.* at 2).

The Court, though, was unsatisfied with State Farm's showing, as Plaintiff had acknowledged that her recovery against the company is limited to the coverage purchased.

3

(Doc. # 7, at 2-3). However, rather than immediately remand this case, State Farm was given an opportunity to alleviate this concern. The Court will now consider State Farm's position.

## II. ANALYSIS

Essentially, State Farm argues that the amount in controversy is determined by the damages sustained by Plaintiff–not the amount recoverable. Because Plaintiff seeks to present evidence and argument to the jury in excess of the $75,000 jurisdictional minimum, State Farm contends that this Court enjoys diversity jurisdiction.

Although neither the parties nor the Court could find a case directly on point, a litany of cases undermine State Farm's position. For instance, in *Freeland v. Liberty Mutual Fire Insurance Company*, 632 F.3d 250 (6th Cir. 2011), the Court of Appeals for the Sixth Circuit focused on the ultimate result of the litigation in determining the amount in controversy. In that case, the plaintiffs sought a declaratory judgment that their insurance policy provided uninsured/underinsured motorists coverage up to $100,000 per accident, instead of the $25,000 per accident maximum that appeared on the policy's face. *Id.* at 253. The Sixth Circuit determined that the amount in controversy was $75,000-exactly one penny short of the jurisdictional minimum-because the plaintiffs would receive a declaration that their policy provides up to $100,000 in coverage if they prevailed versus $25,000 if their policy remained as-is. *Id.* at 253, 255. As the appellate court explained:

> This conclusion flows from the text of the jurisdictional statute itself. In order for the district court to have original jurisdiction, "the matter *in controversy*" must "exceed[ ] the sum or value of $75,000." 28 U.S.C. § 1332 (emphasis added). The words "in controversy" have to mean something. Congress could have written § 1332 to require only that "the matter exceed the sum or value of $75,000," in which case jurisdiction might be appropriate here. But there is simply no controversy over the first $25,000 of coverage. If the

> Freelands lose, they will keep that amount of coverage. Indeed, as the Freelands acknowledged in their complaint in state court, Liberty Mutual has already offered the Freelands this amount. The dispute-the controversy-is only over the next $75,000.

*Id.* at 253; *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 875-877 (3d Cir. 1995) (holding that the amount in controversy requirement was satisfied when an insured brought suit to compel arbitration against an underinsured motorist insurer because the insured alleged serious injuries and an entitlement to benefits exceeding the jurisdictional minimum); *Kiernan v. Agency Rent A Car, Inc.*, 940 F.2d 917 (4th Cir. 1991) (holding that the amount in controversy requirement was not satisfied when a passenger in a rental car sought a declaratory judgment that she was entitled to recover from the rental car company as a duly certified self-insurer because the company's obligation was less than the jurisdictional minimum).

The fact that *Freeland* involved a declaratory action does not mitigate its primary message–that the words "in controversy" must mean something. In this case, there is simply no controversy beyond the $25,000 in underinsurance coverage afforded her pursuant to her policy with State Farm. To hold otherwise would ignore not only statutory language, but also the overarching principle that federal courts are courts of limited jurisdiction. This case belongs in state court.

### III. CONCLUSION

For the reasons stated herein, this Court does not enjoy diversity jurisdiction with respect to Plaintiff's claim for under insurance coverage. Accordingly,

**IT IS ORDERED** as follows:

(1) The above titled action is **REMANDED** to Carter County Circuit Court;

5

(2)     This action be, and is hereby **DISMISSED** and **STRICKEN** from the Court's active docket.

This 10th day of July, 2013.



G:\DATA\Opinions\Ashland\0-13-78 MOO Remanding.wpd